UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | No. 3:04-cr-00018-RLY-CMM-9<br>3:10-cr-00004-RLY-CMM-3 |
| v. | ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) (COMPASSIONATE RELEASE) |
| LERON SEALES | |

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☒ DENIED.

☐ DENIED WITHOUT PREJUDICE.

☐ OTHER:

☒ FACTORS CONSIDERED: See attached opinion.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:04-cr-00018-RLY-CMM-9 |
| | ) | 3:10-cr-00004-RLY-CMM-3 |
| LERON SEALES, | ) | |
| | ) | |
| Defendant. | ) | |

**ENTRY ON DEFENDANT'S MOTIONS FOR COMPASSIONATE RELEASE**

On October 30, 2023, Defendant, Leron Seales, filed a *pro se* motion to reconsider the Court's prior orders denying him compassionate release in *United States v. Seales*, No. 3:10-cr-04-RLY-CMM-3, and *United States v. Seales*, No. 3:04-cr-18-RLY-CMM-9. The Court construes these identical motions as renewed motions for compassionate release because he seeks a sentence reduction based, in part, on United States Sentencing Guideline ("U.S.S.G.") § 1B1.13(b)(6), which became effective on November 1, 2023. The Government opposes Mr. Seales's motion in both cases. For the reasons explained below, Defendant's motion for compassionate release in 3:10-cr-04-RLY-CMM-3 is **DENIED**, and his motion for compassionate release in 3:04-cr-18-RLY-CMM-9 is **DENIED AS MOOT**. Defendant's motion to supplement his motion for compassionate release with the Court's prior decision in *United States v. Cabell*, No. 3:08-cr-00013-RLY-CMM, 2024 WL 1411551 (S.D. Ind. April 1, 2024), is **GRANTED**. Defendant's motion for information as to the status of his compassionate release motion is **GRANTED,** as this order constitutes resolution of the motion.

2

**I.    Background**

In 2006, Mr. Seales pled guilty to one count of conspiracy to distribute and to distribute in excess of 5 grams of a substance containing cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 846. *United States v. Seales*, No. 3:04-cr-18-RLY-CMM-9, dkt. 1. The Court sentenced him to 60 months of imprisonment, to be followed by 4 years of supervised release. *Id*. In 2010, after he had completed his term of imprisonment, and while still on supervised release, Mr. Seales was arrested for his involvement in a conspiracy to distribute cocaine and cocaine base. *United States v. Seales*, No. 3:10-cr-04-RLY-CMM-3, dkt. 203. Mr. Seales's involvement in the drug conspiracy led to his charges in No. 3:10-cr-04-RLY-CMM-3, as well as the revocation of his supervised release in No. 3:04-cr-18-RLY-CMM-9.

On March 7, 2011, Mr. Seales pled guilty to one count of conspiracy to possess with intent to distribute and to distribute in excess of 50 grams of cocaine base (mixture) and in excess of 5 kilograms of cocaine (mixture), in violation of 21 U.S.C. §§ 841(a)(1) and 851, in No. 3:10-cr-04-RLY-CMM-3, dkt. 359, and he admitted the allegations in the petition to revoke his supervised release in No. 3:04-cr-18-RLY-CMM-9, dkt. 4. In his 2010 case, the Court sentenced Mr. Seales to 240 months of imprisonment, to be followed by 10 years of supervised release. No. 3:10-cr-04-RLY-CMM-3, dkt. 420. For the revocation of his supervised release in his 2004 case, the Court sentenced Mr. Seales to 18 months of imprisonment, to run concurrent to his sentence in the 2010 case. No. 3:04-cr-18-RLY-CMM-9, dkt. 5.

The Bureau of Prisons ("BOP") lists Mr. Seales's anticipated release date (with good-conduct time included) as January 3, 2026. https://www.bop.gov/inmateloc/ (last visited June 4, 2024).

In 2021, Mr. Seales filed a motion for compassionate release in both his 2004 and 2010 cases, contending that his underlying health conditions (kidney disease, a former cigarette smoker, obesity), combined with the BOP's inability to control the COVID-19 outbreaks in their facilities, established extraordinary and compelling reasons to reduce his sentence to time served. The Court denied the motions primarily because he had contracted and recovered from COVID-19 without experiencing severe symptoms. The Court further found that the § 3553(a) factors weighed against his release. In his present motion for compassionate release filed in both his 2004 and 2010 cases, Mr. Seales argues that he establishes extraordinary and compelling reasons for his release because (1) a change in the law has produced a gross disparity between the sentence he is serving and the sentence he would receive today; (2) he remains vulnerable to contracting the new and "deadly" strain of the COVID-19 virus; and (3) he has engaged in efforts to rehabilitate himself by, for example, earning his GED and completing drug rehabilitation classes. The second and third reasons were previously raised and rejected by the Court, and the Court sees no reason to revisit them now. (*See* Dkt. 583 at 7–9).

**II.   Legal Background**

The general rule is that sentences imposed in federal criminal cases are final and may not be modified. 18 U.S.C. § 3582(c). Under one exception to this rule, a court may reduce a sentence "after considering the factors set forth in [18 U.S.C. § 3553(a)] to the

extent that they are applicable," if it finds that there are "extraordinary and compelling reasons" that warrant a reduction. 18 U.S.C. § 3582(c)(1)(A)(i).

Congress directed the Sentencing Commission to "describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." 28 U.S.C. § 994(t). In response to this directive, the Sentencing Commission promulgated a policy statement regarding compassionate release under § 3582(c), contained in United States Sentencing Guidelines ("U.S.S.G.") § 1B1.13.  As provided in § 1B1.13, the compassionate release analysis requires several findings. First, the Court must address whether "[e]xtraordinary and compelling reasons warrant the reduction" and whether the reduction is otherwise "consistent with this policy statement." U.S.S.G. § 1B1.13(1)(A), (3). Second, the Court must determine whether the defendant is "a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(2). Finally, the Court must consider the § 3553(a) factors, "to the extent they are applicable." U.S.S.G. § 1B1.13. As the party moving for a sentence reduction, Mr. Seales bears the burden of establishing that such reasons exist and justify a sentence reduction. *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021).

### A.     Mr. Seales's 2004 Case

On July 12, 2011, Mr. Seales admitted the allegations in the petition to revoke his supervised release in his 2004 case and was sentenced to a term of imprisonment of 18 months, to run concurrently with the sentence imposed in his 2010 case.  As his 18-month

5

sentence has been served, his motion for compassionate release in his 2004 case is **DENIED as MOOT**.

### B. Mr. Seales's 2010 Case

At the time Mr. Seales was sentenced in 2011, the mandatory minimum sentence for a person convicted of an offense under 21 U.S.C. § 841(b)(1)(A), with a prior qualifying felony drug conviction established through a § 851 information, was 20 years. That is the sentence Mr. Seales received pursuant to his plea agreement. If he were sentenced today with his prior drug felony conviction, he would face a mandatory minimum sentence of 15 years. Mr. Seales argues this justifies a sentence reduction under U.S.S.G. § 1B1.13(b)(6). That Guideline provides:

> If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

U.S.S.G. § 1B1.13(b)(6).

In 2021, before § 1B1.13(b)(6) took effect, the Seventh Circuit held that nonretroactive changes in the law are not "extraordinary and compelling circumstances" that can form the basis of a sentence reduction. *United States v. Thacker*, 4 F.4th 569, 575 (7th Cir. 2021); *see also United States v. Brock*, 39 F.4th 462, 466 (7th Cir. 2022); *United States v. King*, 40 F.4th 594 (7th Cir. 2022). The Government argues the Court should disregard the Sentencing Commission's Guideline and follow *Thacker* and its progeny.

The Court need not reach this issue in this case because, even if the Commission was within its authority to adopt § 1B1.13(b)(6), Mr. Seales is not entitled to compassionate release based on the sentencing factors prescribed under 18 U.S.C. § 3553.[1] The Court extensively analyzed the § 3553 factors in its March 2021 Order on Mr. Seales's first motion for compassionate release and concluded that these considerations weighed against release:

> In his favor, Mr. Seales has earned his GED and completed drug education and other classes while incarcerated, and the BOP has given Mr. Seales a low security classification. Weighing against him, Mr. Seales was still on supervised release from his 2006 conviction for conspiracy to distribute cocaine base when he committed his 2010 offense for the same conduct. Mr. Seales also has several other serious convictions in his criminal history including: (1) battery on a law enforcement officer with bodily injury and resisting law enforcement in 2002; (2) battery resulting in bodily injury in 2003; and (3) possession of a controlled substance and intimidation in 2004. Dkt. 390. The BOP has rated Mr. Seales as a high risk for recidivism. Finally, Mr. Seales has completed about 60 percent of his sentence and still has just short of 7 years remaining.

Dkt. 583 at 9.

The Court finds the balance of factors still weigh today against his release because no information provided by Mr. Seales alters this analysis apart from the fact that Mr.

---

[1] These factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed (a) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (b) to afford adequate deterrence to criminal conduct; (c) to protect the public from further crimes of the defendant; and (d) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established for the defendant's crimes; (5) any pertinent policy statement issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a).

Seales has now served a greater proportion of his sentence. The Court therefore finds that releasing Mr. Seales early would not reflect the seriousness of the offense, promote respect for the law. provide just punishment for the offense, afford adequate deterrence to criminal conduct, or protect the public from further crimes. *See United States v. Ugbah*, 4 F.4th 595, 598 (7th Cir. 2021) ("[A]ll a district judge need do is provide a sufficient reason for [denying relief under § 3582(c)(1)]. One good reason for denying a motion . . . is enough; more would be otiose.").

### III.   Conclusion

For the above reasons, Mr. Seales's motion for compassionate release in 3:10-cr-04-RLY-CMM-3 is **DENIED**, dkt. 592; Mr. Seales's motion for compassionate release in 3:04-cr-18-RLY-CMM-9, is **DENIED AS MOOT**, dkt. 117; Mr. Seales's motion to supplement in 3:10-cr-04-RLY-CMM-3 is **GRANTED**, dkt. 599, Defendant's motion for information as to the status of his compassionate release motion3:04-cr-18-RLY-CMM-9, is **GRANTED**, dkt. 126.

**SO ORDERED** this 13th day of June 2024.

                                                                           RICHARD L. YOUNG, JUDGE
                                                                           United States District Court
                                                                           Southern District of Indiana

Distribution:

All Electronically Registered Counsel

8

Leron Seales
Register Number: 07609-028
FCI Fort Dix
Federal Correctional Institution
P.O. Box 2000
Joint Base MDL, NJ 08640